**George PETERSON, Plaintiff,**

v.

**Herman S. MOORE, Defendant.**

**Civ. A. No. 11845.**

United States District Court
W. D. Pennsylvania.

Jan. 25, 1959.

John P. S. O'Connor, Evans, Ivory & Evans, Pittsburgh, Pa., for plaintiff.

Sherman T. Rock, Andrew C. Van-Gorder, Pittsburgh, Pa., Joseph J. Lee, Clearfield, Pa., for defendant.

WILLSON, District Judge.

A new trial was granted by this court in an order entered December 10, 1957. An appeal was taken by plaintiff from this court's order granting a new trial. On May 13, 1958, the Court of Appeals dismissed the appeal. The case came on for trial the second time this date in accordance with notice to counsel by the Clerk.

Counsel for the parties, John P. S. O'Connor, Esq., for the plaintiff, and Sherman T. Rock, Esq. and Joseph J. Lee, Esq. for defendant, are the counsel who represented the parties at the first trial. Before the jury was selected, counsel came to chambers at the suggestion of the trial judge and they were asked whether further pretrial was necessary. Each responded in the negative. The reason why the court had in mind a further pretrial was that plaintiff's counsel, a short time ago, sent me as trial judge a copy of a letter to Mr. Rock in which he indicated that he would call a witness in the coming trial who was not a witness at the first trial. Settlement was then discussed and on failure to settle, counsel proceeded with the selection of the jury. After the jury was sworn, the court expected that Mr. O'Connor would open for the plaintiff. Instead, he indicated that he had nothing new to offer by way of evidence over and beyond what he offered at the first trial and if I understand his position clearly, he indicated that as the court granted a new trial the first time the case was tried, he assumed the same result would follow. Some discussion took place as to the effect of Mr. O'Connor's statement to the court. Then plaintiff's counsel was given full opportunity to proceed to call his witnesses and to offer any evidence he had in the case. The court indicated that the trial should commence de novo. Defendant was in court with his witnesses. Mr. O'Connor didn't say so, but Mr. Rock, counsel for the defendant, indicated that plaintiff Peterson was not in court. As trial judge I cannot say whether plaintiff Peterson was in the courtroom, however, at the time of the settlement conversation had he not been available, I assume plaintiff's counsel would have so indicated to the court. It is emphasized, however, that plaintiff's position did not result from his counsel's inability to present witnesses. The exact position that plaintiff's counsel took when the case was opened is not clear to me as trial judge.

However, it is perfectly clear that he was given a full opportunity to proceed with his case de novo and did not do so. He did not even attempt to offer any of the evidence taken at the previous trial. When the colloquy between the court and counsel was over, Mr. Rock on behalf of the defendant moved the court for a directed verdict or for dismissal. Certainly this motion was within the expectation of plaintiff's counsel. This court has concluded that the situation is one requiring involuntary dismissal under Rule 41(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. There is a serious question, however, in my mind, as to whether plaintiff's counsel has not, in effect, estopped himself from objecting to a dismissal. He left the court with no alternative, having refused the opportunity to proceed with the trial. It seems to this court that when plaintiff's counsel took the position he did at the commencement of the trial, he did so with the realization that the case would have to be dismissed, because of lack of proof as well as lack of prosecution by the plaintiff.

■ This court is somewhat apprehensive that plaintiff's counsel has a mistaken view of the situation with which he was confronted. In the first place, he assumes that a jury in a second trial would find the same way as the jury did in the first trial. This does not necessarily follow. He also assumes that this particular trial judge would grant a new trial in the event plaintiff received a like verdict. This is a mistaken view also. The issues of the case depend upon oral testimony. Witnesses may give different versions in the second trial than they did in the first trial. However, it may be that counsel's position is the result of the fact that plaintiff Peterson did not appear for trial this date. If that is the situation, then it seems that counsel should have so indicated.

Under the circumstances, counsel on behalf of the defendant moved the court for a directed verdict or for dismissal and the court concluded that the situation was one for involuntary dismissal under Rule 41(b) of the Federal Rules of Civil Procedure, for lack of prosecution on the part of the plaintiff.

Therefore, this 26th day of January, 1959, plaintiff having had due notice of the trial and after the jury was sworn having failed to offer any evidence whatsoever, although given full opportunity to do so, it is directed that this civil action be dismissed, with prejudice, under Rule 41(b) for lack of prosecution, and the Clerk is directed to enter judgment in favor of defendant Herman S. Moore and against the plaintiff George Peterson, together with all record costs.